IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                   **Case No. 97-40072-01**

                                       **06-3026-RDR**

SHAWN L. DIGHERA,

        Defendant.

_____

MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

Pursuant to a plea agreement, the defendant entered a guilty plea to one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 on March 24, 1998.  The court sentenced the defendant to a term of imprisonment of 70 months.  The defendant appealed his sentence. The sentence was affirmed by the Tenth Circuit on June 15, 1999. United States v. Dighera, 185 F.3d 875 (10th Cir. 1999).  The defendant filed the instant motion on January 16, 2006.

In this motion, the defendant contends that his conviction should be vacated because (1) the government withheld exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963); (2) newly discovered evidence would have made his acquittal reasonably probable; and (3) he is innocent.  The government has responded

that the defendant's motion is untimely, procedurally barred and without merit.

The defendant's conviction arose from the search of his house on December 10, 1996.  Officers with the Topeka Police Department responded to a security alarm activation at the defendant's house. They found the front door open and no one from inside the residence responded.    They   entered   the   home   and   discovered   drug paraphernalia.    The   residence   was   then   secured,   and   a   search warrant was obtained based upon their observations.  Officers Randy Listrom and Bruce Voigt, two officers trained in evaluating the dangers   of   methamphetamine   labs,   donned   protective   garb   and breathing apparatuses to perform a safety sweep of the residence prior to allowing the search team inside.  After determining that the materials visible inside the residence did not pose a risk of danger to the officers, the two stepped outside of the residence, removed their protective clothing and informed the other officers that   it   was   safe   to   enter   the   residence   to   execute   the   search warrant.  A number of drug-related items, including over 300 grams of methamphetamine, were seized during the execution of the search warrant.    The   discovery   of   these   items   led   to   the   filing   of   an indictment containing nine counts.

Following the filing of charges against him, the defendant sought to suppress the evidence seized at his house.  Judge Crow, who handled the initial proceedings in this case, heard evidence on

the motion and denied it.   United States v. Dighera, 2 F.Supp.2d

1377 (D.Kan. 1998).   Subsequently, pursuant to a plea agreement,

the defendant pled guilty to one count of the indictment,

possession of methamphetamine with intent to distribute.   At the

time of the plea, the defendant admitted that he possessed the

methamphetamine:   "I did possess a mixture of methamphetamine."   He

also stated:   "I don't argue what they found, Your Honor."   At

sentencing, the defendant again admitted that he possessed the

methamphetamine:

> I would just like to say that first off that I'm
> sorry about my actions.   I take full responsibility,   I
> would like to say that I know that there was glass items
> recovered in the house.   And if—-as if you'll notice in
> the paperwork they were wrapped in the Capital Journal
> dated four or five days prior to when the actual raid
> happened.   The raid happened on December 10th and I
> believe the date on the newspaper it was wrapped in was
> like December 5th.   The guy had brought it over that day
> right there.   He was going to Mexico.   I've since learned
> he's in prison in Mexico.   I was simply storing this
> stuff for this individual.   Once I found out what it was
> when he brought it over I should have told him then that
> I didn't want it there.   But because of my indulgable
> (sic) urge to do the drug I didn't want to offended (sic)
> my dealer so I went ahead and stored it and now wish that
> I never would have.

On appeal, the defendant raised only a sentencing issue.   He

contended his criminal history had not been properly calculated.

In recent months two Topeka police officers, including Officer

Voigt, have been charged with various crimes related to their

service on the police force.   These crimes include perjury,

falsifying evidence, official misconduct, theft and promoting

obscenity.    Some  of  the  charges  against  Officer  Voigt  were
dismissed by the state court judge in an early order in the case,
and the others were dismissed when witnesses failed to appear at a
preliminary hearing.

In  order  to  obtain  relief  under  §  2255  on  the  basis  of
constitutional error, the petitioner must establish an error of
constitutional  magnitude  which  had  a  substantial  and  injurious
effect or influence on the verdict.  Brecht v. Abrahamson, 507 U.S.
619, 637-38 (1993).   In  order  to  obtain  relief  on  the  basis  of
nonconstitutional  error,  the  petitioner  must  show  a  fundamental
defect  in  the  proceedings  resulting  in  a  complete  miscarriage  of
justice or an error so egregious that it amounted to a violation of
due process.   Reed v. Farley, 512 U.S. 339, 353-354 (1994).

An evidentiary hearing must be held on a § 2255 motion "unless
the motion and files and records of the case conclusively show that
the prisoner is entitled to no relief."  28 U.S.C. § 2255; United
States v. Galloway, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995).   To
be entitled to an evidentiary hearing, the defendant must allege
facts which, if proven, would entitle him to relief.  See Hatch v.
Oklahoma, 58 F.3d 1447, 1471 (10th Cir. 1995), cert. denied, 517
U.S.  1235  (1996).    The  court  finds  that  a  hearing  on  the
defendant's motion is not necessary because the materials already
in the record conclusively show that the defendant is not entitled
to relief on the asserted claims.

The instant motion suffers from a variety of problems.  The
court shall only recount some of them because they are sufficient

4

to deny the defendant's motion.

The government initially contends that the defendant's motion
is not timely.   The government asserts that the motion was not
filed within the time limits of § 2255.

Federal prisoners whose convictions became final after April
24, 1996, the effective date of the Antiterrorism and Effective
Death Penalty Act of 1996 (AEDPA), have one year from the latest of
any of four events to file a § 2255 motion:   (1) the date on which
the conviction became final; (2) the date on which any government-
imposed impediment to making a motion is removed; (3) the date on
which the right asserted was initially recognized by the Supreme
Court and made retroactively applicable to cases on collateral
review; or (4) the date on which the facts supporting the claim or
claims presented could have been discovered through the exercise of
due diligence.   28 U.S.C. § 2255.   The defendant's appeal of his
sentence became final on June 15, 1999.   For the purposes of
calculating the one-year statute of limitations, his judgment of
conviction became final on September 15, 1999, ninety days later
when he failed to file a timely petition for writ of certiorari.
See United States v. Burch, 202 F.3d 1274, 1276 (10th Cir. 2000)
(holding that "for purposes of determining when the limitations
period in 28 U.S.C. § 2255 (1) begins to run if a defendant does
not petition the United States Supreme Court for a writ of
certiorari after her direct appeal, her judgment of conviction is

final after the time for seeking certiorari review has expired").

Clearly, more than one year elapsed between the date the defendant's conviction became final and the filing of his § 2255 motion on January 16, 2006.  The defendant does not contend that a government-imposed impediment prevented him from filing a timely § 2255 motion or that his claim is based on a right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  See 28 U.S.C. § 2255 ¶ 6(2) & (3). Rather, the defendant appears to rely upon § 2255 ¶ 6(4) to support his assertion that this claim should be heard despite the lengthy period between the date on which his conviction became final and the filing of his § 2255 motion.

The court is not persuaded, based upon the facts asserted by the defendant, that the defendant exercised due diligence in the presentation of the facts to the court on this § 2255 motion.  The defendant has only suggested that his conviction should be vacated because a recent report issued by the Shawnee County District Attorney indicated that members of the Topeka Police Department Narcotics Unit "were guilty of evidence tampering and perjury." The defendant contends he is entitled to relief under § 2255 because members of the Topeka Police Department Narcotics Unit were involved in the investigation of this case.  He argues that this evidence constitutes "newly discovered evidence" because it was not available at the time he entered a guilty plea.   He further

6

contends that this evidence, "had it been known to petitioner and the court, would have made his acquital (sic) reasonably probable." The defendant has failed to explain why these events have some impact on his case.   He has failed to produce a copy of the District Attorney's report.    The court has nothing before it indicating that this report has anything to say about the defendant's case.   The defendant is apparently suggesting that the Narcotics Unit planted or tampered with evidence at his house.   The defendant, however, fails to offer any explanation why he failed to investigate this possibility much earlier.   Rather than suggest that the evidence found at his house was not his or had been planted by someone, he specifically and adamantly indicated his guilt during the plea proceeding and the sentencing.   He has made no showing that due diligence on his part could not have revealed this newly discovered evidence prior to his plea or his sentence. As stated by the Seventh Circuit, for the purposes of § 2254 ¶ 6(4), the "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).   Here, the defendant was fully aware or should have been aware of any problems with the drugs found at his house shortly after their discovery.

The court also finds no basis for equitable tolling here. AEDPA's one-year limitation period is not a jurisdictional bar and

7

is subject to equitable tolling.  See Moore v. Gibson, 250 F.3d 1295, 1299 (10th Cir. 2001).  Equitable tolling is available, however, only in rare and exceptional circumstances.  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  For example, "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent" or "when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing."  Id.  The defendant must demonstrate he diligently pursued his claims and that his failure to timely file was due to extraordinary circumstances beyond his control.  Id.  The defendant has the burden of establishing that equitable tolling should apply.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Again, the defendant has failed to demonstrate that he has diligently pursued his claims.  He has not shown that he pursued his claims of evidence tampering or perjury.  Moreover, he has made no showing that he is "innocent" of the charges made against him in this case.

Even assuming the defendant's § 2255 petition was timely, it unquestionably fails on the merits.  The exact nature of the defendant's contention is not entirely clear.  The defendant appears to suggest that members of the Topeka Police Department Narcotics Unit planted or tampered with the evidence at his house. In his motion, he states:  "The government knew or should've known that officers of the Topeka Police Department Narcotics Unit and

8

specifically Officer Bruce Voight (sic) of that unit, were engaged in the manufacture of evidence, the destruction of evidence, tampering with evidence and perjury in connection with testimony about drug evidence **in this and other cases** and failed to inform petitioner of these facts." (emphasis added).   The defendant, however, fails to provide any support for this contention.   This vague, conclusory allegation is insufficient to warrant relief under § 2255.   See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).   Moreover, such an allegation is contrary to multiple statements made by the defendant at the time of his guilty plea and sentencing.   At best, defendant appears to contend that this information would have provided some impeachment evidence which is insufficient for relief under § 2255.   See United States v. Ruiz, 536 U.S. 622, 625, 629 (2002).   Finally, the defendant has failed to produce any evidence that the information contained in the District Attorney's report or the information that led to the charges against Officer Voigt was available to the government at the time of his guilty plea.   Such failure renders an argument under Brady meritless.

In sum, the court finds the defendant's § 2255 motion is not timely.   Even if we were to consider the merits of the motion, we would deny it.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be hereby dismissed as untimely.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2006 at Topeka, Kansas.

                                              s/Richard D. Rogers
                                              United States District Judge